IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WASHINGTON COHO, LLC, a Washington limited liability company, | No. 86498-0-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WHATCOM COUNTY, a municipal corporation, | |
| Respondent. | |

SMITH, C.J. — Washington Coho, LLC, sought a variance permit from Whatcom County. The County approved the permit request more than two years after Coho's application was deemed complete. Less than a month after the permit was approved, Coho requested a resolution under Whatcom County Code (WCC) 22.05.130(2). When the County denied relief under WCC 22.05.130(2), Coho brought an action for damages under RCW 64.40.020. The County moved to dismiss, asserting Coho's claim was barred by the statute of limitations. The trial court found Coho's action untimely because WCC 22.05.130(2) did not create an administrative remedy that had to be exhausted under RCW 64.40.030. Coho appeals. We affirm the dismissal of Coho's complaint.

FACTS

Background

Washington Coho, LLC, owns real property in Whatcom County, Washington. In May 2021, Coho submitted an application to the County for a

shoreline variance to construct a single-family residence and relocate an existing float plane hangar.  The County e-mailed Coho's legal counsel, informing them Coho's application would not be complete until Coho submitted a habitat and critical areas report.  Coho submitted the requested information and the County deemed the application complete in October 2021.  In April 2022, Coho received a notice of additional requirements (NOAR) from the County requesting a stormwater system design.  Coho sent a preliminary stormwater report in August 2022.  The County contacted Coho in October 2022 with concerns about the stormwater report.  A hearing on the variance was held in January 2023.  The hearing examiner approved the variance on January 30, 2023, which constituted a final decision of approval for Coho's application.

In March 2023, Coho e-mailed the County requesting a resolution under RCW 22.05.130(2) concerning permit delays on the County's review of the application.  In a meeting with the Director of Planning and Development Services on March 24, 2023, Coho requested a "mutually acceptable resolution as provided in WCC 22.05.130(2) subpart (c)" or, in the alternative, Coho would bring a claim under RCW 64.40.020.  Following the meeting, the County's prosecuting attorney e-mailed Coho and informed them that any claim under RCW 64.40.020 is barred by the 30-day statute of limitations.  The Director followed up with an e-mail stating the meeting with Coho was a courtesy and any remedy under WCC 22.05.130(2) is not applicable once a permit has been issued.

On April 17, 2023, Coho initiated a complaint in Skagit County Superior Court asserting two causes of action: (1) declaratory relief under RCW 7.24 and (2) violation of RCW 64.04.20.  The trial court dismissed both claims and found WCC 22.05.130(2) did not create an administrative remedy that had to be exhausted under RCW 64.40.030.  Coho appeals.

## ANALYSIS

### Standard of Review

We review dismissal under CR 12(b)(6) de novo, considering the record as a whole and taking all facts alleged in the complaint as true.  *Burton v. Lehman*, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005); *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings*, Inc., 180 Wn.2d 954, 961, 331 P.3d 29 (2014).  We may also "consider hypothetical facts not included in the record." *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998).  Dismissal for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff cannot prove any set of facts which would justify recovery." *Tenore*, 136 Wn.2d at 330.

### Administrative Remedy

Neither party contends WCC 22.05.130(2) is not an administrative remedy.  Rather, the parties dispute whether WCC 22.05.130(2) provides adequate relief to require exhaustion and whether Coho timely initiated the remedy.  We conclude Coho failed to timely initiate the remedy.

When interpreting the meaning of an ordinance, courts rely on the same principles that apply to statutory interpretation.  *Ellensburg Cement Prod., Inc. v.*

*Kittitas County*, 179 Wn.2d 737, 743, 317 P.3d 1037 (2014). When the language of an ordinance is ambiguous, "the section under construction should be read in context with the entire act and a meaning ascribed to it that avoids strained or absurd consequences." *Standing v. Dep't of Lab. & Indus.*, 92 Wn.2d 463, 474, 598 P.2d 725 (1979). When there appears to be a conflict between a local ordinance and a state statute, if the ordinance can "be read in harmony" with the statute, "no conflict will be found." *Watson v. City of Seattle*, 189 Wn.2d 149, 171, 401 P.3d 1 (2017).

### 1. Timeliness of Action

Coho claims a remedy under WCC 22.05.130(2) can be pursued either during or after the permitting process. The County contends WCC 22.05.130(2) is only meant to provide relief for applicants who have not yet had a permit issued and, therefore, Coho's request was untimely. We agree Coho's request was untimely, but for reasons distinct from those put forth by the County.

The permit application process in Whatcom County is governed by WCC 22.05. Whatcom County is required to "issue a notice of final decision for all permit types . . . within 120 calendar days of the date the department determined the application complete." WCC 22.05.130(1). When an applicant believes the department has not acted in a timely manner, the applicant "may request a meeting with the director to resolve the issue." WCC 22.05.130(2). Within 14 days of the meeting, the director must take one of the following actions:

> (a) Approve the permit if it is within the director's authority to do so, provided the approval would not violate state or county regulations; or

4

(b) Deny the permit if it is within the director's authority to do so; or

(c) Respond in writing with the department's position, or a mutually acceptable resolution of the issue, which may include a partial refund of application fees at the director's discretion.

WCC 22.05.130(2).

When an agency has "fail[ed] to act within time limits established by law," permit applicants may also seek damages under RCW 64.40.020(1). Actions for damages brought under RCW 64.40.020 must be commenced "within thirty days after all administrative remedies have been exhausted." RCW 64.40.030.

Here, Coho's application was deemed complete on October 29, 2021, starting the 120-day period for the County to issue a final decision concerning the application. Once that 120-day period expired, an "act" arose for purposes of bringing a claim under RCW 64.40.020. The question becomes at what point in the process must Coho initiate an action under WCC 22.05.130(2) and how long does Coho have to do so.

Coho claims WCC 22.05.130(2) does not contain a statute of limitations and, therefore, the action can be brought at any time. Coho notes the Whatcom County Council[1] includes time limitations in other Whatcom County Code sections and suggests the omission in WCC 22.05.130(2) was intentional. Coho also contends reading the ordinance in this way does not conflict with RCW 64.40.030 because that statute of limitations is meant to begin once all administrative remedies, such as WCC 22.05.130(2), have been exhausted.

---

[1] The legislative power of Whatcom County is vested in the Whatcom County Council. Whatcom County Charter § 2.10.

5

The County asserts WCC 22.05.130(2) is a "discretionary resolution opportunity" that must be brought, if at all, during the project review process, not after a decision has been made about the permit. But the County never explicitly states when the remedy must be brought if a permit has not yet been granted. While the County does claim Coho's request for action under WCC 22.05.130(2) more than a year after the County failed to act on their permit was untimely, the County does not rely on this delay for their untimeliness argument. Rather, the County relies on the fact that Coho requested the resolution after the permit had been granted. The County does not discuss whether Coho's claim would have been timely had the permit not been granted and Coho brought an action under WCC 22.05.130(2) more than a year after the County's failure to act.

The County also claims Coho's interpretation of the ordinance renders the statute of limitations under RCW 64.40.030 meaningless. The County alleges if WCC 22.05.130(2) has no statute of limitations, then "new 30-day periods [for a claim under RCW 64.40.020] can be invoked at any time by simply requesting a meeting with the Director pursuant to WCC 22.05.130(2)."

The County is correct that Coho's request for a resolution under WCC 22.05.130(2) was untimely, but not simply because they waited a year after the permit was approved to initiate the action. Coho's request was untimely because an action under WCC 22.05.130(2) is subject to the same statute of limitations as a damages claim under RCW 64.40.020. We reach this conclusion by reading WCC 22.05.130 and RCW 64.40 in harmony. The fact that the legislature included a 30-day statute of limitations for bringing a damages claim

6

under RCW 64.40.020 indicates they did not intend to allow applicants to be able to wait years to act. The purpose of RCW 64.40.020 is to hold an agency accountable and reduce delays; damages are a byproduct of its purpose.

Coho's assertion that the legislature's intent in RCW 64.40 is not violated by allowing applicants the ability to bring a claim at any time under WCC 22.04.130(2) is unpersuasive. A reading of WCC 22.05.130(2) more compatible with the legislature's intent suggests that WCC 22.05.130(2) is an administrative remedy that, if pursued, must be brought within the same time frame (30 days) allowed for damages claims under RCW 64.40.020. If an administrative remedy is sought under WCC 22.05.130(2), the time period to bring a claim for damages under RCW 64.40.020 is extended until the administrative remedy is exhausted. This interpretation gives an applicant 30 days from the end of the 120-day agency action period to request a meeting with the director under WCC 22.05.130(2). Because Coho's request for a meeting under WCC 22.05.130(2) was submitted more than 30 days after the agency failed to act, their request for a remedy was untimely.

We conclude Coho's request for an administrative remedy was untimely because it was brought more than 30 days after the agency failed to issue a final decision on the permit application.

2. Exhaustion Requirement

The County claims WCC 22.050.130(2) cannot provide adequate relief and, therefore, exhaustion is not required. Coho contends WCC 22.05.130(2) is able to provide the relief requested and, therefore, is an administrative remedy

7

that requires exhaustion prior to the commencement of a damages claim under RCW 64.40.020.  Because Coho's action was untimely, we do not reach this issue.

Costs and Fees

The County requests costs and reasonable attorney's fees under RAP 18.1.  RAP 18.1 provides that applicable law may grant a party the right to recover reasonable attorney fees or expenses on review.  The County cites to RCW 64.40 in their request for cost and fees on appeal.  Under RCW 64.40.020(2), the prevailing party in an action brought pursuant to RCW 64.40 "may be entitled to reasonable costs and attorney's fees."

While the County is the prevailing party on appeal, we affirm the trial court's judgment for different reasons than the County put forth.  Therefore, we do not find it appropriate to award attorney fees and, as such, deny the County's request.

We affirm the dismissal of Coho's complaint and deny the County's request for costs and fees.

_____
Smith, C.J.

WE CONCUR:

_____          _____
Hazelrigg, A.C.J.                 Mann, J.